IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Christopher Frederick, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case Number 4:20-cv-3477 |
| BP Corporation North America, Inc., | § § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Christopher Frederick ("Plaintiff") brings this action complaining of Defendant BP Corporation North America, Inc. ("Defendant"), and would respectfully show the Court that:

### I.

### Jurisdiction

1. Plaintiff's claims against Defendant arise under the Outer Continental Shelf Land Act.

### II.

### Parties

2. Plaintiff Christopher Frederick is a resident of Texas.

3. Defendant BP Corporation North America, Inc. is a corporation with its principal place of business in Houston, Texas. Defendant BP Corporation North America, Inc. may be served with process through its registered agent C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## Nature of the Action

4. At all times relevant to this suit, Plaintiff worked on the BP Thunderhorse, a semi-submersible rig owned and operated by Defendant. Plaintiff was working aboard the BP Thunderhorse as a Site Manager responsible for food services. Upon information and belief, Plaintiff contracted COVID-19 as a direct result of his employment on the BP Thunderhorse in May 2020.

5. Defendant was responsible for maintaining a safe work environment for employees and contractors aboard the BP Thunderhorse, including the Plaintiff. Defendant's COVID-19 precautions were insufficient to protect workers aboard the BP Thunderhorse. Defendant housed Plaintiff in a room with three other individuals who had recently travelled to the United States from abroad. Once aboard the BP Thunderhorse, operations were conducted as usual and Defendant failed to take sufficient precautions to protect workers from COVID-19.

6. Plaintiff became extremely ill with COVID-19 approximately 4-5 days after arriving on the BP Thunderhorse. Plaintiff was transported to shore via helicopter and hospitalized on or about March 17, 2020. Despite his release from the hospital, Plaintiff continues to have severe health problems as result of his COVID-19 infection, including shortness of breath.

7. In spring of 2020, the COVID-19 pandemic began sweeping the United States. Many states, counties, and companies began implementing proactive safety measures to prevent the spread of COVID-19.

8. On March 9, 2020, with over 500 COVID-19 infections in the United States, the CDC published federal guidelines for workers. These guidelines included recommendations for social distancing of at least 6 feet, and the use of Personal Protective Equipment ("PPE") for workers.

9. After March 9, 2020, Defendant failed to take adequate precautions to protect its employees and contractors from COVID-19 risks. While employers across the country were taking significant precautions to prevent the spread of COVID-19, Defendant chose to ignore its significance. Defendant had no system of contract tracing, six-foot spacing modifications, or social distancing barriers, masking, or other reasonable precautions. In short, Defendant required its employees to work without sufficient protection, despite the well-known risk of COVID-19.

10. Defendant is negligent and negligent per se for the following reasons:

   a. failure to properly supervise their crew;

   b. failure to properly train their employees;

   c. failure to provide adequate safety equipment and PPE;

   d. failure to provide adequate and/or timely medical attention;

   e. failing to maintain a safe work environment;

   f. operating the Thunderhorse with an inadequate crew;

   g. failure to warn of the dangerous conditions;

   h. failure to provide a safe work environment;

   i. failure to maintain the vessel;

   j. vicariously liable for their employees' and/or agents' negligence;

    k.  violating applicable Coast Guard, OSHA, BSEE rules, and/or other applicable rules and regulations; and

    l.  other acts deemed negligent.

11.    Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

12.    Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendant was subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendant had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendant did so knowing that the conditions posed dangerous and grave safety concerns. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## IV.

## Jury Trial

13. Plaintiff hereby requests a trial by jury on all claims and submits his jury fee herewith.

## V.

## Prayer

14. Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that the Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled including but not limited to:

  a. Past and future medical care;

  b. Past and future pain and suffering and mental anguish;

  c. Past and future impairment;

  d. Past and future disfigurement;

  e. Pre and post judgment interest;

  f. Cost of court;

  g. Exemplary damages; and

  h. Past and future loss of earning capacity.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*
Kurt Arnold
SBN:  24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Joseph McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
Claire Traver
SBN: 24115871
ctraver@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**