IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Christopher Frederick | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-3477 |
| BP Corporation North America, Inc. | § | |
| | § | |
|     Defendant. | § | |
| | § | |

**BP CORPORATION NORTH AMERICA, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

BP Corporation North America, Inc. ("BP NA"), files this, its Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("Complaint").

## ORIGINAL ANSWER

### I.
### JURISDICTION

1. The allegation in Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, BP NA does not contest that jurisdiction is proper under the Outer Continental Shelf Lands Act.

### II.
### PARTIES

2. BP NA lacks sufficient information to admit or deny whether Plaintiff is a resident of Texas.

3. BP NA admits the allegations contained in Paragraph 3 of the Complaint.

4. BP NA lacks sufficient information to admit or deny the allegations contained in Paragraph 4.

### III.

## NATURE OF THE ACTION

5. BP NA admits that the Thunder Horse is a semi-submersible production/drilling/quarters ("PDQ") facility. BP NA denies that it owned or operated the Thunder Horse at any time. BP NA admits that Plaintiff was an independent contractor on the Thunder Horse in March of 2020. BP NA lacks sufficient information to admit or deny Plaintiff's job title or duties. BP NA denies the remainder of the allegations in Paragraph 5. To the extent any allegations in Paragraph 5 are directed to any other party, BP NA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, the allegations are denied.

6. BP NA denies the allegations in Paragraph 5 regarding any responsibilities of, or actions taken by, BP NA aboard the Thunder Horse as BP NA did not own or operate the PDQ facility. The remainder of the allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, BP NA denies the remainder of the allegations contained in Paragraph 6. To the extent any allegations in Paragraph 6 are directed to any other party, BP NA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, the allegations are denied.

7. BP NA lacks sufficient information to admit or deny the allegations regarding the nature or timeline of Plaintiff's alleged medical condition, the manner or timing of Plaintiff's transportation from the Thunder Horse, or Plaintiff's current physical condition.

8. BP NA admits that in March of 2020, individuals in the United States had been diagnosed with COVID-19. BP NA lacks sufficient information to verify the veracity or accuracy of the allegations regarding what unspecified "proactive safety measures" were taken by unidentified" states, counties, and companies" in the spring of 2020.

9. BP NA admits that in March 2020, the CDC identified that more than 500 cases of COVID-19 had been reported to the CDC. BP NA admits that the CDC has published guidelines for workers which included recommendations regarding COVID-19. BP NA denies the remainder of the allegations in Paragraph 8.

10. BP NA denies the allegations contained in Paragraph 10 to the extent they are based on the legal conclusion that BP NA had a duty or responsibility to any individual on the Thunder Horse. To the extent a response is required, BP NA denies the allegations contained in Paragraph 10. BP NA lacks sufficient information to verify the veracity or accuracy of the allegations regarding what precautions other unnamed "employers across the country" took with respect to the spread of COVID-19. BP NA denies the remainder of the allegations contained in Paragraph 10. To the extent any allegations in Paragraph 10 are directed to any other party, BP NA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, the allegations are denied.

11. The allegations contained in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, BP NA denies the allegations contained in Paragraph 11. To the extent any allegations in Paragraph 11 are directed to any other party, BP NA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, the allegations are denied.

12. BP NA lacks sufficient information to admit or deny the allegations regarding Plaintiff's alleged injuries, medical condition, physical condition, or financial condition. The remainder of the allegations contained in Paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, BP NA denies the remaining allegations in Paragraph 12.

13. The allegations contained in Paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, BP NA denies the allegations contained in Paragraph 13. To the extent any allegations in Paragraph 13 are directed to any other party, BP NA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, the allegations are denied..

## IV.
## JURY TRIAL

14. BP NA admits that Plaintiff has requested a jury trial and alleges that the jury fee has been paid, but denies that Plaintiff is entitled to any of the relief that he seeks.

## V.
## PRAYER

15. BP NA admits that Plaintiff requests the relief as outlined in the Prayer, including subparts (a) through (h), but denies that such relief is appropriate or that Plaintiff is entitled to any of the recovery and/or relief sought. To the extent any relief requested in the Prayer is directed towards any other party, BP NA is without knowledge or information sufficient to form a belief as to the truth of those request for relief and, therefore, denies that such relief is appropriate.

**AFFIRMATIVE DEFENSES**

BP NA pleads the following affirmative and other defenses, subject to further discovery, but does not assume the burden of proof except to the extent required on pure affirmative defenses. BP NA expressly reserves the right to plead additional specific denials and/or affirmative defenses in amended or supplemental pleadings.

16. Plaintiff's Complaint fails, in whole or in part, to state a cause of action against BP NA upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint is premised on the assumption that BP NA owned and operated Thunder Horse and; thus, BP NA had a legal duty to individuals working aboard the Thunder Horse. This assumption is false. BP NA did not owe a duty of care to Plaintiff as BP NA did not own or operate the Thunder Horse. Nor did BP NA engage the services of Plaintiff. Thus, BP NA is an improper defendant.

17. BP NA's conduct was not the cause in fact or proximate cause of Plaintiff's alleged injuries. Upon information and belief, Plaintiff's alleged injuries were caused, in whole or in part, by others, including himself, whose actions were not controlled by, or related to, BP NA. Such actions are the superseding, supervening, and/or intervening causes of Plaintiff's injuries, and therefore Plaintiff may not recover from BP NA as a matter of law.

18. Upon information and belief, Plaintiff's alleged injuries were caused, in whole or in part, by Plaintiff's own negligence.

19. Plaintiff's claims are barred under Louisiana State Law R.S. 9:2800.25.

WHEREFORE PREMISES CONSIDERED Defendant BP Corporation North America, Inc. respectfully prays that Plaintiff takes nothing by way of this claim, that BP NA be discharged with its costs and, for such other and further relief, both general and specific, at law and in equity to which it may show itself justly entitled.

Dated: March 19, 2021

OF COUNSEL:

Thomas K. Brown
State Bar No. 03175960
Federal I.D. No. 8083
tom@brownfirm.net

Dustin T. Sullivan
State Bar No. 24053930
Federal I.D. No. 1430916
dustin@brownfirm.net

The Brown Law Firm, LLP
Three Riverway, Suite 1775
Houston, Texas 77056
Telephone: (713) 400-4020


Jaqualine P. McMillan
State Bar No.  24082955
Federal I.D. No.  1724664
jaqualine.mcmillan@norotonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246

Respectfully submitted,


/s/ Jeffrey Wolff
   Jeffrey S. Wolff
   State Bar No. 21865900
   Federal I.D. No. 1392

NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5218
Facsimile:    (713) 651-5246
jeffrey.wolff@nortonrosefulbright.com

   *Attorney in Charge for Defendant BP Corporation North America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to Fed. R. Civ. P. 5(b) on this 19th day of March, 2021, a true and correct copy of BP Corporation North America, Inc.'s Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint was served electronically to:

| | |
|---|---|
| Kurt Arnold | GRADY S. HURLEY |
| Caj Boatright | T. PATRICK BAYNHAM |
| Roland Christensen | JEANNE L. AMY |
| Joseph McGowin | Jones Walker LLP |
| Claire Traver | 201 St. Charles Avenue, 48th Floor |
| ARNOLD & ITKIN LLP | New Orleans, LA 70170-5100 |
| 6009 Memorial Drive | Telephone: (504) 582-8000 |
| Houston, Texas 77007 | Facsimile: (504) 582-8583 |
| Tel: 713.222.3800 | ghurley@joneswalker.com |
| Fax: 713.222.3850 | tpbaynham@joneswalker.com |
| karnold@arnolditkin.com | jamy@joneswalker.com |
| cboatright@arnolditkin.com | |
| Rchristensen@arnolditkin.com | **Attorneys for Intervenor,** |
| jmcgowin@arnolditkin.com | **Sodexo Remote Sites LLC** |
| ctraver@arnolditkin.com | |
| e-service@arnolditkin.com | |

**Attorneys for Plaintiff**

　　　　　　　　　　　　　　　　　　　　/s/ *Jeffrey S. Wolff*　　　　　　　
　　　　　　　　　　　　　　　　　　　　Jeffrey S. Wolff