United States District Court
Southern District of Texas
**ENTERED**
August 18, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CHRISTOPHER FREDERICK, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-cv-03477 |
| § | |
| BP CORPORATION NORTH § | |
| AMERICA, INC., *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND RECOMMENDATION**

This is a COVID-19 exposure case. Plaintiff Christopher Frederick ("Frederick") worked on the Thunder Horse, an offshore platform located off the coast of Louisiana, owned and operated by Defendants BP Corporation North America, Inc. and BP Exploration and Production, Inc. A few days after arriving on the offshore platform in March 2020, Frederick contracted COVID-19 and became extremely ill. He was transported to shore on March 17, 2020 and hospitalized. Despite his release from the hospital, Frederick complains that he continues to suffer from severe health issues as a result of his COVID-19 infection.

In this lawsuit, Frederick alleges that although Defendants had an obligation to provide a safe work environment for those working aboard the Thunder Horse, the COVID-19 precautions put in place were insufficient to protect those workers, including Frederick. The First Amended Complaint raises causes of action for negligence, negligence per se, and gross negligence. Sodexo Remote Sites LLC ("Sodexo") has intervened to protect its right to recover worker's compensation and medical benefits paid to Frederick.

Defendants have filed a Motion for Summary Judgment against Plaintiff and Sodexo. *See* Dkt. 33. That motion argues that Frederick's claims should be dismissed, as a matter of law, because he has not established (i) the applicable

standard of care; (ii) that Defendants breached the applicable standard of care; and (3) that any alleged breach caused his alleged injuries. Frederick has not responded to the Motion for Summary Judgment.[1] Sodexo is unopposed to the relief requested in the Motion for Summary Judgment. *See* Dkt. 33 at 3 n.1.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact issue is material only "if its resolution could affect the outcome of the action." *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). "A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once satisfied, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial. *See id.* at 324. To do so, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, I must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

Even when a party fails to timely respond to a motion for summary judgment, a district court may not award summary judgment by default. *See*

---

[1] To be clear, I have bent over backwards to give Frederick an opportunity to respond to the Motion for Summary Judgment. I originally set a response deadline for January 28, 2022. *See* Dkt. 32. He did not comply with that deadline. Nonetheless, in an act of genuine kindness, I *sua sponte* offered Frederick another chance to oppose the Motion for Summary Judgment, giving him until July 22, 2022 to file a response. *See* Dkt. 36. Once again, Frederick did not take me up on my offer.

*Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). In such a situation, the trial judge must make an independent analysis as to whether summary judgment is proper. *See Quorum Health Res., L.L.C. v. Maverick Cnty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) ("If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response.").

## ANALYSIS

Both sides in this lawsuit recognize that Frederick's claims against Defendants arise under the Outer Continental Shelf Lands Act ("OCSLA"). *See* Dkt. 24 at 1; Dkt. 33 at 5. Under the OCSLA, federal law borrows the laws of adjacent states to the extent that those laws are not inconsistent with federal law. *See Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 349 (5th Cir. 1999) ("OCSLA incorporates aspects of the laws of adjacent states, where those laws are not inconsistent with OCSLA. These incorporated state laws become 'surrogate federal law.'"). Because Louisiana is the adjacent state, and Louisiana negligence law is not inconsistent with federal law, Louisiana law applies to the present case. *See Coleman v. BP Expl. & Prod., Inc.*, 19 F.4th 720, 727 (5th Cir. 2021) (adopting Louisiana negligence laws in OSCLA case, finding them "applicable and not inconsistent with other federal laws"); *Rushing v. Pride Int'l, Inc.*, No. CIV.A. H-11-0294, 2011 WL 3021043, at *4 (S.D. Tex. July 22, 2011) (identifying Louisiana as the adjacent state in a lawsuit involving the Thunder Horse offshore platform "because the THUNDER HORSE is located off the coast of New Orleans, and OCSLA applies the law of the adjacent state").

As noted, Frederick brings three causes of action: negligence per se, negligence, and gross negligence. At the outset, let me note that the negligence per se claim fails as a matter of law because the Louisiana Supreme Court has consistently rejected the doctrine under Louisiana law. *See Galloway v. State*, 654 So.2d 1345, 1347 (La. 1995) ("The doctrine of negligence per se has been rejected

in Louisiana."); *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 292 (La. 1993) ("The terminology 'negligence per se' has been rejected in Louisiana.").

Turning to the negligence and gross negligence claims, Louisiana law requires a plaintiff seeking to establish a negligence claim to prove five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard of care (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope-of-duty element); and (5) actual damages (the damages element). *See S.J. v. Lafayette Par. Sch. Bd.*, 41 So. 3d 1119, 1125 (La. 2010).

In their Motion for Summary Judgment, Defendants maintain that Frederick cannot establish the duty element, the breach element, or the cause-in-fact element. *See* Dkt. 33 at 14. "When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999). By not responding to the Motion for Summary Judgment, Frederick has failed to present any evidence creating a genuine issue of material fact on the duty element, the breach element, or the cause-in-fact element. Summary judgment is appropriate. Frederick's negligence actions against Defendants should be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, I recommend that Defendants' Motion for Summary Judgment (Dkt. 33) be **GRANTED** and this case be dismissed in its entirety.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections

pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

Signed on this 18th day of August 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE